

**U.S. Department of Justice**

*Andrew Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

November 28, 2018

Joshua S. Levy, Esq.
Ropes & Gray
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

Re:   United States v. ev3, Inc.

Dear Mr. Levy:

The United States Attorney for the District of Massachusetts and the United States Department of Justice, Consumer Protection Branch (jointly, "the United States"), and your client, ev3, Inc. ("ev3" or "Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement as Exhibit A charging it with a misdemeanor violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 331(a), 333(a)(1). Defendant expressly and unequivocally admits that it committed the crime charged in the Information and is in fact guilty of the offense. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

2. Penalties

Defendant faces the following mandatory minimum and maximum penalties:

   a.  A fine of $200,000, or twice the gross gain/loss, whichever is greater. *See* 18 U.S.C. § 3571(c), (d). The gross gain resulting from the offense is $6,000,000. Thus, the maximum fine is $12,000,000;

   b.  A term of probation of not more than five (5) years. *See* 18 U.S.C. § 3561(c)(2);

  c. A mandatory special assessment of $125.  *See* 18 U.S.C. § 3013;

  d. Restitution to victims of the offense, if any; and

  e. Forfeiture to the extent charged in the Information.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made under Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision.  In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment.  If the Court rejects any aspect of this Plea Agreement, either the United States or Defendant may deem the Plea Agreement null and void.  Defendant understands and acknowledges that it may not withdraw its pleas of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

Defendant may seek sentencing by the District Court immediately following the Rule 11 plea hearing.  The United States does not object to the Court proceeding to sentence Defendant immediately following the Rule 11 plea hearing or in the absence of a Presentence Report in this case.  Defendant understands that the decision whether to proceed immediately with the sentencing proceeding following the plea hearing, and to do so without a Presentence Report, is exclusively that of the United States District Court.

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines").  The parties also agree that, while the fine provisions of the Guidelines do not apply to organizational defendants for misdemeanor violations of the Federal Food, Drug, and Cosmetic Act, *see* USSG § 8C2.1, the following is consonant with the Guidelines and takes into account ev3's conduct under 18 U.S.C. §§ 3553 and 3572 and USSG § 8C2.10, as follows:

- The base fine is $6,000,000, because this was the reasonably estimated pecuniary gain to Defendant from the offenses.  *See* USSG §8C2.4(a)(2);

- Pursuant to USSC § 8C2.5, the culpability score is seven (7), determined as follows:

 (a) The base culpability score is five (5), pursuant to USSG § 8C2.5(a);

 (b) Three (3) points are added because the organization had 200 or more employees and an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offenses, pursuant to USSG § 8C2.5(b)(3)(A); and

 (c) One (1) point is deducted pursuant to USSG § 8C2.5(g)(3);

- Pursuant to USSG § 8C2.6, the appropriate multiplier range associated with a culpability score of seven is 1.4 to 2.8;

- Thus, pursuant to USSG § 8C2.7, the Guidelines fine range is $8,400,000 to $16,800,000;

- Disgorgement pursuant to USSG § 8C2.9 is not necessary.

The parties further agree that there is no basis for a downward departure or deviation under the USSG; and that a fine within the Guidelines fine range will result in a reasonable sentence, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

The United States may, at its sole option, be released from its commitments under this Plea Agreement, including, but not limited to, its agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to complete a factual basis for the pleas;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(e) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(f) Commits a crime; or

(g) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the United States' obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree that the following is a reasonable and appropriate disposition of this case, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572:

   a. a criminal fine in the amount of $11,900,000, to be paid within seven (7) days of the date of sentencing;

      b.    a mandatory special assessment in the amount of $125, payable to the Clerk of the Court on or before the date of sentencing;

      c.    forfeiture in the amount of $6,000,000, to be paid within seven (7) days of the date of sentencing;

      d.    the parties agree that the complication and prolongation of the sentencing process that would result from an attempt to fashion a proper restitution order, *see* 18 U.S.C. § 3663, outweighs the need to provide restitution to any non-governmental victims in this case, since there are no such known victims here; and

      e.    because Medtronic (1) acquired ev3 several years after the criminal conduct that resulted in this plea agreement and had no prior knowledge of or involvement in such conduct; (2) took significant steps to prevent any future conduct of the kind that resulted in this plea agreement; (3) committed to certain compliance provisions related to the medical devices at issue in this case; and (4) agreed to make the results of certain compliance assessments available to the United States (see Exhibit B, Medtronic Side Letter Agreement), ev3 will not be placed on probation.

6.    <u>No Further Prosecution of ev3</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States agrees that, other than the charges in the attached Information, it shall not further prosecute ev3 or Medtronic for any additional federal criminal charges with respect to the conduct: (a) covered by the Information; (b) that was the subject of the investigation of ev3 by the federal grand jury in Massachusetts; or (c) currently known to the United States regarding sales, promotion, and marketing practices in connection with Medtronic's Onyx Liquid Embolic System, the Axium Detachable Coil, and the Concerto Detachable Coil.  The United States also agrees that it shall not further prosecute ev3 or Medtronic for any federal criminal charges regarding the sales, promotion, and marketing practices of Medtronic's Solitaire Revascularization Device with respect to conduct currently known to the United States.

This declination is expressly contingent on (i) the guilty plea of ev3 to the attached Information being accepted by the Court and not withdrawn or otherwise challenged by ev3; and (ii) ev3's performance of all of the obligations set forth in this Plea Agreement.  If ev3's guilty plea is not accepted by the Court or is withdrawn for any reason, or if ev3 should fail to perform an obligation under this Plea Agreement, this declination of prosecution shall be null and void.

The United States reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees, and other agents of ev3, in connection with the conduct encompassed by this Plea Agreement, within the scope of the grand jury investigation, or known to the United States.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

   a. Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understand that, in some circumstances, Defendant may be able to challenge its conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

   b. Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

   c. The United States agrees that it will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more provisions advocated by either party at sentencing.

   d. Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutors in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

      8.    <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty pleas, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly or indirectly traceable to Defendant's offense, any medical device that is adulterated when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 334, and 28 U.S.C. § 2461(c), substitute assets, and/or a money judgment equal to the value of the property derived from the offense.

The assets to be forfeited specifically include, without limitation, a forfeiture money judgment in the amount of $6,000,000 in United States Currency. Defendant admits that $6,000,000 in United States currency is subject to forfeiture on the grounds that it constitutes, or is derived from, gross proceeds traceable to the commission of the Offense documented in the Information and/or constitutes substitute assets representing the value of the medical devices that were adulterated when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331(a), be introduced into interstate commerce, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 334, and 28 U.S.C. § 2461(c).

Defendant agrees to consent to the entry of orders of forfeiture for such property, including the entry of a forfeiture money judgment in the amount of $6,000,000 in United States currency, and Defendant waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to any substitute assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited substitute assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture for any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims it may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9. Civil Liability

By entering into this Plea Agreement, the United States does not compromise any civil or administrative liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and pleas of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

10. Waiver of Defenses

Should Defendant move to withdraw or otherwise challenge its guilty plea at any time, should Defendant breach this Plea Agreement, or should the Court reject the parties' agreed-upon disposition in this case or any other aspect of this Plea Agreement, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

11. Breach of Plea Agreement

If the United States determines that ev3 has failed to comply with any provision of this Plea Agreement, the United States may, at its sole option, be released from its commitments under this Plea Agreement in its entirety by notifying ev3, through counsel or otherwise, in writing.  The United States may also pursue all remedies available under the law, even if it elects not to be released from its commitments under this Plea Agreement.  ev3 recognizes that no such breach by ev3 of an obligation under this Plea Agreement shall be grounds for withdrawal of its guilty plea.  ev3 understands that should it breach any provision of this Plea Agreement, the United States will have the right to use against ev3 before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that may be made by ev3, and any information, materials, documents, or objects that may be provided by it to the government subsequent to this Plea Agreement, without any limitation.

ev3 understands and agrees that failure to comply fully with the terms of this Rule 11(c)(1)(C) Plea Agreement and its agreed-upon criminal disposition will constitute a breach of this Plea Agreement.

In the event ev3 at any time hereafter breaches any provision of this Plea Agreement, ev3 understands that (1) the United States will, as of the date of that breach, be relieved of any obligations it may have in this Plea Agreement, including but not limited to the promise not to further prosecute ev3 as set forth in this Plea Agreement, and (2) ev3 will not be relieved of its obligation to make the payments set forth in this Plea Agreement nor will it be entitled to return of any monies already paid.  Moreover, in the event of a breach of this Plea Agreement, ev3

understands and agrees that the United States may pursue any and all charges that might otherwise have been brought but for this Plea Agreement, and ev3 hereby waives, and agrees it will not interpose, any defense to any charges brought against it that it might otherwise have under the Constitution for pre-indictment delay, any statute of limitations, or the Speedy Trial Act.

12. <u>Who Is Bound by Plea Agreement</u>

On the matters set forth in Paragraph 6 above, this Plea Agreement is binding upon ev3, the Office of the United States Attorney for the District of Massachusetts, the United States Attorney's Office for each of the other 93 judicial districts of the United States, and the Consumer Protection Branch of the United States Department of Justice.  (*See* Letter to United States Attorneys' Offices attached hereto as Exhibit C).  ev3 understands that this Plea Agreement does not bind: (i) any state or local prosecuting authorities; (ii) the Fraud Division of the U.S. Department of Justice with respect to possible violations of the Foreign Corrupt Practices Act, the Anti-Kickback Statute, and related offenses, which investigations are specifically excluded from the release in Paragraph 6; (iii) the Tax Division of the U.S. Department of Justice; or (iv) the Internal Revenue Service of the U.S. Department of the Treasury.

13. <u>Corporate Authorization</u>

ev3's acknowledgement of this Plea Agreement and execution of this Plea Agreement is attached as Exhibit D.

14. <u>Complete Agreement</u>

This Plea Agreement and the attachments hereto set forth the complete and only agreement between the parties relating to the disposition of the Information described in Paragraph 1.  No promises, representations, or agreements have been made other than those set forth in this Plea Agreement and its attachments.  This Plea Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in Court.

If this letter accurately reflects the agreement between the United States and your client, ev3, please have the authorized representative of ev3 sign the Corporate Acknowledgment of Plea Agreement, and please sign the certification (Exhibit D).  Return the original of the Corporate Acknowledgment of Plea Agreement to DOJ Trial Attorney Matthew J. Lash.

Very truly yours,

ANDREW C. LELLING
United States Attorney

By: _____
CHRISTOPHER LOONEY
GREGG SHAPIRO
Assistant United States Attorneys

By: _____
MATTHEW J. LASH
Trial Attorney
Consumer Protection Branch
United States Department of Justice